# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EARL JONES, JR.,

        Petitioner,

  v.                                            Case No. 06-C-545

STATE OF WISCONSIN,

        Respondent.

**ORDER**

Earl Jones, Jr. filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted of armed robbery and felony murder and was sentenced to 85 years imprisonment. He is currently incarcerated at Columbia Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Here, it is apparent from the face of the petition that it is untimely. Title 28 U.S.C. § 2244(d)(1) creates a one-year statute of limitations, which begins running from the date on which the petitioner's judgment or appeals became final. The one-year period is suspended while properly filed state motions are pending. 28 U.S.C. § 2244(d)(2). Jones was convicted in November 1997 and his petition states that he had pursued appeals and postconviction remedies through 2000, when the Wisconsin Supreme Court denied his petition for review. Along with his petition, he has also attached additional state court decisions addressing other claims he has made; one of those decisions was issued in 2001, and summary dispositions were issued by various state courts in 2004, 2005 and 2006. Thus, although Jones has, at times, had properly filed postconviction motions pending (which would have suspended the one-year statute of limitations), there is far more than one year of countable time between the filing and pendency of such motions.s.[1] Between the January 2001 decision Jones has attached and his next filing in February 2004, some three years passed. It is apparent that other significant gaps exist, but they need not be addressed because the petition is so untimely. Accordingly, because it was not filed within the one-year statute of limitations provided for in 28 U.S.C. § 2244(d), the petition is dismissed. *See Day v. McDonough,* 2006 WL 1071410, *6 (April 25, 2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.")

Petitioner has also filed a motion for appointment of counsel; that request is also denied.

---

[1] I assume without deciding that the motions would have been deemed "properly filed applications" under 28 U.S.C. § 2244(d)(2).

THEREFORE, IT IS ORDERED that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   9th   day of May, 2006.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge

3

Case 1:06-cv-00545-WCG   Filed 05/09/06   Page 3 of 3   Document 4